MARY E. CHANDLER *vs.* HENRY B. DUNCAN and WILLIAM
DUNCAN, Administrators of RICHARD B. DUNCAN, dec'd.

*Award of Referees—Pleading and Practice.*

It is not necessary to reply a new promise or an admission to the plea
of the statute of limitations, in order to entitle the plaintiff to rely upon such
promise or admission to remove the bar of the statute of limitations or pre-
vent its operation as a bar, the cause of action in such cases being not upon
the new promise but upon the original promise.

*(December 17, 1897.)*

SPRUANCE and BOYCE, J. J. sitting. (LORE, C. J., not sit-
ting by reason of plaintiff being a relative.)
*William S. Hilles* for plaintiff.
*Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1897.
(No. 61 to May T. 1897). ·

RULE to show cause why an award of referees should not be
set aside.

The following bill of particulars was filed by plaintiff.

WILMINGTON, DEL., April 1, 1897.

Estate of Richard B. Duncan, Dr.,
    To Mary E. Chandler.

For care and attendance of Richard B. Duncan for five
    years previous to his death, at $20.00 per week,  . $5,200.00
Three weeks board, February 16 to March 9, 1897, at
    $6.00,  . . . . . . . . . . . . . . .     18.00
Rent of room, March 9 to March 23, 1897, at $3.00,  .      6.00
Probate, . . . . . . . . . . . . . . .       .15
                                          _____
                                          $5,224.15

The case came on to trial before referees upon the following
pleas :

1. Non assumpsit.

"2. And for a further plea in this behalf, the said defendants, by leave of the Court here, for this purpose first had and obtained, say that the said plaintiff ought not to have or maintain her aforesaid action thereof against them, because they say that the said supposed causes of action in the declaration filed in this cause mentioned (if any such there were or still are) did not, nor did any or either of them accrue to the said plaintiff at any time within three years next before the commencement of this suit, in manner and form as the said plaintiff has above thereof complained against them the said defendants. And this the said defendants are ready to verify, wherefore they pray judgment, if the said plaintiff ought to have or maintain her aforesaid action thereof against them, &c."

"And the said plaintiff, as to the plea of the said defendants by them first above pleaded, and whereof they have put themselves upon the country, doth the like."

"And the said plaintiff, as to the said plea of the said defendants by them secondly above pleaded saith that she, by reason of anything in the said plea alleged, ought not to be barred from having or maintaining her aforesaid action thereof against them, the said defendants, because she saith that the said several causes of action in the declaration mentioned did accrue to her, the said plaintiff, within three years next before the commencement of this action in manner and form as the said plaintiff hath above complained against the said defendants, to wit, at New Castle County, aforesaid, and this the said plaintiff prays may be inquired of by the country, &c."

"And the said defendants, as to the replication of the said plaintiff by her secondly above pleaded, and whereof she has put herself upon the country, do the like."

### EXCEPTIONS.

"1. That it appeared as a fact from competent evidence at the hearing of this cause, before the referees, that said Richard B. Duncan died on the ninth day of March, A. D. 1897, notwithstanding which fact and against the objection of said defendants, at said hearing, the said referees admitted and received in evi-

dence the testimony of witnesses tending to prove care and attendance of Richard B. Duncan by the plaintiff performed and bestowed prior to the ninth day of March, 1894.

"2. That against the contentions and objections of said defendants, the said referees awarded and returned in this cause that the plaintiff recover in this action from the defendants for the care and attention of said Richard B. Duncan, rendered and bestowed by her for two years prior to said ninth day of March, A. D. 1894.

" 3. That it appeared as a fact from competent evidence at the hearing in this cause before the referees, that said Richard B. Duncan died on the ninth day of March, A. D., 1897, notwithstanding which the said referees awarded and returned that the said plaintiff recover from the defendants for her care and attention of the said Richard B. Duncan, for the entire five years next immediately preceding said ninth day of March, A. D. 1897, the sum of thirty-six hundred and sixty-four dollars, and that said referees arrived at the said amount of their award by allowing the said plaintiff the sum of fourteen dollars for each and every week of the said five years next immediately preceding said ninth day of March, A. D. 1897, and adding thereto two items in her bill of particulars, both of which were admitted to be due, the one being eighteen dollars for three weeks' board, and the other six dollars for two weeks' rent of rooms.

" 4. That said referees awarded and returned that the plaintiff recover from the defendant in this action, against the objection of the defendant, for care and attention of said Richard B. Duncan, rendered and bestowed by her prior to the ninth day of March, A. D. 1894, and the sum of fourteen hundred and fifty-six dollars was awarded said plaintiff by said referees for such service and care rendered by her prior to said ninth day of March, A. D. 1894.

" 5. That under the law, the bill of particulars and pleadings in this cause, the award, by the referees made in this cause, that the plaintiff recover from the defendants in this action for any service rendered by her prior to said ninth day of March, A. D. 1894, is not warranted.

"Therefore, for the errors and mistakes aforesaid, the de-defendants pray the court here that the return of said referees may not be confirmed."

The following agreement of counsel as to facts was filed December 17, 1897, the date of the hearing on the rule :

"It is agreed by and between William S. Hilles, attorney for plaintiff, and Walter H. Hayes, attorney for the defendants, that the above stated case was heard before Thomas B. Smith, John P. Doughten and James S. Dobb, as referees, on the 9th and 10th days of December, A. D. 1897 ; that the facts set forth in the defendants' exceptions, filed in this case, Nos. 1, 2, 3 and 4, are true ; that at said hearing an offer was made on behalf of the plaintiff to prove by competent testimony that repeatedly during the five years immediately preceding his death, which occurred March 9, 1897, Richard B. Duncan promised to pay the plaintiff for her care and attention of and to him, and admitted his liability for care and attention previously given by plaintiff to him, and promised to pay therefor, and the said promises and admissions continued until within a month or six weeks before the death of the said Richard B. Duncan; that the referees admitted this testimony against the objections of the defendants' counsel. That it was further proved during all of said period of five years that the said Richard B. Duncan paid to the said plaintiff for board the sum of six dollars per week with the exception of the last three weeks of his life."

*Mr. Hayes*:—Under the pleadings in this case, there only being a general traverse to the plea of the statute of limitations, evidence was not admissible of any promises made in relation to the services performed by the plaintiff that were barred by the statute.   If the plaintiff intended to introduce such evidence, she should have replied specially to the plea of the statute of limitations:

*Wood on Limitations of Actions, 16; 2 Greenleaf's Evidence, Sec. 440; Kemp vs. Gibbon, 58 E. C. L., 609; also same case in 64 E. C. L., 662; McDermott vs. McCormack, 4 Harr., 543; Wells vs. Shreeves, 2 Houst., 362-3; Weehemp vs. Hill, 9 Sergeant & Rawl,*

*11; Webster vs. Newbold, 42 Pa. St., 482, 493; McCullock vs. Morris, 5 Pa. St., 285.*

*Mr. Hilles*:—The plea of *non accrevit*, filed by the defendants in this cause, and the general traverse of that plea put in issue the statute of limitations and the right of the defendants to avail themselves of the defense of the statute. Whatever might be our opinion on the point as an abstract question, it has been settled by the decisions of this State, following the older decisions in England, that it is not necessary to reply a new promise or an admission in order to entitle the plaintiff to rely upon such promise or admission to remove the bar of the statute or prevent its operation as a bar, the cause of action in such cases being not upon the new promise, but upon the original promise and the defendant having waived any right to avail himself of the statute.

*1 Chitty Pleading, 614; 3 Chitty Pleading, 940-1 and Note; Upton vs. Else, 12 Moore, 303; Leaper vs. Tatton, 16 East, 420; Newlin vs. Duncan, 1 Harr., 204.*

SPRUANCE, J:—This is an action of assumpsit, commenced April 5th, 1897, against the administrators of Richard B. Duncan, who died March 9, 1897, to recover for services rendered to the deceased more than three years before the commencement of the action.

The second plea of the defendants is the statute of limitations, which is drawn out, and denies that the cause of action accrued at any time within three years next before the commencement of the action. To this there is a general replication, also drawn out, which avers that the cause of action did accrue within three years next before the commencement of the action. On this replication the defendants join issue.

At the trial before referees they, against the objection of the defendants, received testimony of services rendered prior to three years before the death of Duncan and of acknowledgments by Duncan at sundry times during five years immediately before his death of his liability for such services, and of promises by him during the same period to pay for the same: such admissions and promises continuing until a few weeks before his death.

On behalf of the defendants it is contended that under the

general traverse to the plea of statute of limitations, testimony was not admissible as to any admissions or promises in relation to services performed more than three years before the commencement of the action, and that such testimony could only have been received under a special replication setting forth the new promise.

The law applicable to this subject was fully discussed and settle by the Court of Errors and Appeals in 1883 in *Newlin vs. Duncan, 1 Harr., 204.*

It was there held that an acknowledgment of a subsisting demand, or any recognition of an existing debt, is evidence of a promise to pay it; that the ground on which the statute operates is that after a certain time it is presumed that the debt is discharged, but that an acklowedgment of the debt rebuts that presumption, and the plaintiff recovers not on the ground of having a new right of action, but that the statute does not apply to bar the old one; that a new promise revives the old debt, but does not create a new one. This the Court declared had been the law and practice in this State from time immemorial, notwithstanding the then later decisions in England showing fluctuation and confusion upon the subject.

The Court of Errors and Appeals in 1858, in *Robinson vs. Burton, 1 Houst., 540,* say: "It was decided by the Court in *Newlin vs. Duncan* in conformity with the uniform decisions and practice, that an acknowledgment of a debt as a subsisting demand will take it out of the act of limitations without an express promise to pay it. There has been no vacillation in the courts on this principle, but some conflict in its application to the facts in each case."

Whether it be an acknowledgment of a subsisting or existing debt and of an obligation to pay it—from which a promise to pay may be implied—or an express promise to pay, the rule is the same.

In neither case is the plaintiff required to reply specially the acknowledgment or new promise. If he recovers it is on the old promise and not on the new.

Lord Ellenborough remarked that if this was an entirely new

question, and the pleadings were to be made strictly logical, a re-
plication of the new promise might be required, but he thought
the practice had in his day been too long otherwise to change it.

Surely, in view of the decision and practice in the courts of
this State, it would be most unwise for us to adopt the rule in-
sisted on by the defendants.

We are of the opinion that, under the pleadings in this case,
the testimony objected to by the defendants was properly ad-
mitted by the referees, and therefore the rule is discharged and
the report of the referees confirmed.